MANUEL A. BARRETO, peticionario y apelante, *v.* CORTE DE DISTRITO DE MAYAGÜEZ, HON. F. NAVARRO ORTIZ, JUEZ, demandada y apelada. FERNANDO R. COLÓN y JOSÉ A. ZAPATA, demandantes y apelantes, *v.* MANUEL A. BARRETO, actuando como supuesto Alcalde de Mayagüez, demandado y apelado. MANUEL A. BARRETO, peticionario, *v.* FRANCISCO NAVARRO ORTIZ, JUEZ, demandado.

Núms. 8447, 8434 y 80.—*Sometidos:* Enero 21, 1942. *Resueltos:* Enero 29, 1942.

*Enrique Báez García* y *Federico Tillén,* abogados del Sr. Barreto en los tres casos; *José Sabater, Oscar Souffront* y *A. Ramírez Silva,* abogados de los interventores, demandantes en el pleito principal (en los casos 8447 y 80) y de los demandantes y apelantes (en el caso 8434) quienes a su vez son los promoventes de las mociones de desacato en los casos 8447 y 8434.

EL JUEZ ASOCIADO SEÑOR DE JESÚS emitió la opinión del tribunal.

Las cuestiones a resolver en relación con los tres asuntos arriba indicados están tan íntimamente relacionadas entre sí que hemos optado por discutirlas en una sola opinión.

A virtud de ciertos cargos formulados por Zoilo Rivera, Jr., contra los Comisionados de la "Autoridad Municipal de Hogares de Mayagüez," Sres. Fernando R. Colón y José A. Zapata, el Sr. Manuel A. Barreto, en su carácter de alcalde de dicha ciudad, los separó de sus puestos en la Autoridad hasta tanto dichos cargos fuesen resueltos; les suministró copias de los mismos, les concedió diez días para contestarlos y les notificó que una vez contestados se procedería a su audiencia, a la cual podrían ellos comparecer personalmente y asistidos de abogado para la práctica de la prueba.

Los funcionarios en cuestión recurrieron a la Corte de Distrito de Mayagüez el 2 de septiembre de 1941, radicando contra el citado alcalde una petición de *certiorari* y otra de *injunction* basadas una y otra en que el Sr. Barreto carecía de facultad para conocer de los cargos en cuestión por no ser él tal Alcalde de Mayagüez, toda vez que la ordenanza consolidando los cargos de Alcalde y Director Escolar creando así uno solo con el nombre de Alcalde-Director Escolar, para el cual fué nombrado el demandado, es nula por carecer de facultad la asamblea para efectuar tal consolidación. En la petición de certiorari se solicitó de la corte que ordenase se le remitiesen los originales o en su defecto copias certificadas de las actas de la Asamblea Municipal de Mayagüez donde constare todo lo concerniente al

nombramiento del Sr. Barreto para el cargo de Alcalde-Director Escolar de Mayagüez y otras actas que se especifican, a fin de revisar las actuaciones del demandado al enjuiciar y suspender de empleo a los peticionarios, y que en definitiva se declare con lugar el recurso de certiorari, anulándose las referidas actuaciones del demandado y que mientras se resuelva en definitiva la solicitud de certiorari, se ordene al demandado que se abstenga de continuar el procedimiento iniciado contra los peticionarios en relación con los indicados cargos y suspensión de empleo.

La petición de injunction está predicada en los mismos hechos que la de certiorari. En ella se solicita que se dicte un auto de injunction permanente, prohibiendo al demandado, sus agentes, etc., seguir interviniendo en la tramitación de los referidos cargos, ordenándole que deje sin efecto la orden de suspensión de los demandados en el desempeño de sus puestos, y que mientras se resuelve el injunction permanente, se dicte una orden para mostrar causas por las cuales no deba expedirse un injunction preliminar para que *pendente lite* el demandado se abstenga de realizar los mencionados actos.

En el pleito de certiorari de que hemos hecho referencia, instado en la corte inferior, dicha corte, el mismo día 2 de septiembre de 1941, expidió un auto ordenando a la vez que el demandado se abstuviese de continuar el procedimiento de formulación de cargos y suspensión de empleo de los peticionarios, hasta la definitiva resolución del recurso, señalando el 15 del mismo mes para su vista. Notificado el auto de certiorari al demandado, radicó éste otro recurso de certiorari el 4 de septiembre de 1941 en este tribunal ante su juez asociado en funciones de turno, Hon. R. H. Todd, Jr., en solicitud de que dicho juez de turno revise el auto de certiorari que había expedido el 2 de septiembre de 1941 el juez inferior y que finalmente anule dicho auto "por contener el mismo disposiciones que son nulas, arbitrarias e ilegales, dictadas en exceso de la jurisdicción de la corte y en violación

de las leyes de procedimiento, la Ley Orgánica y la Ley Municipal vigentes."

Las disposiciones a que se refirió el peticionario se contraen a la suspensión de la vista de los cargos y a aquella parte de la orden dejando sin efecto la suspensión de los peticionarios en el ejercicio de sus empleos como miembros de la Autoridad.

El Juez Sr. Todd expidió el auto con fecha 9 de septiembre de 1941, permitiendo intervenir a los Sres. Colón y Zapata; quienes atacaron la petición de certiorari el 30 del citado mes. Celebróse la vista del recurso en la fecha últimamente citada con la sola comparecencia del Lic. Ramírez Silva en representación de los interventores, habiendo radicado alegatos ambas partes y dictándose una resolución por el Juez Sr. Todd por la que desestimó la petición y anuló el auto que él había expedido. De esa resolución apeló el Sr. Barreto para ante este tribunal en pleno el 27 de octubre de 1941.

Mientras tanto, el juez inferior, después de oír a las partes en el pleito de injunction, con fecha 24 de septiembre de 1941 dictó una extensa "Resolución" denegando tanto el injunction preliminar como el permanente. De dicha resolución apelaron los demandantes Colón y Zapata para ante este tribunal el 29 de septiembre de 1941 y en auxilio de la jurisdicción de esta corte que aun se hallaba en su período de vacaciones, solicitó y obtuvo del Juez Sr. Todd previa audiencia de las partes y la fianza correspondiente, un auto de injunction cuya parte dispositiva dice así:

" . . . se declara sin lugar la moción del demandado solicitando se deje sin efecto la orden de entredicho y habiendo sido sometido el caso en su fondo, por los mismos fundamentos, se declara con lugar la petición en este caso y como consecuencia, previa prestación por los peticionarios de una fianza por la suma de $200, libre el Secretario, en auxilio y para hacer efectiva la jurisdicción de este Tribunal en el mencionado caso núm. 8434, mandamiento de injunction dirigido al demandado Manuel A. Barreto para que, durante la tramitación del referido pleito número 8434, y hasta nueva orden del Tribunal Supremo, se abstenga, por sí o por medio de sus agentes,

empleados, subalternos o representantes, de seguir interviniendo en la tramitación y resolución de los cargos presentados contra los peticionarios Fernando R. Colón y José A. Zapata y asimismo de dejarles en el ínterin suspendidos de sus empleos.''

Contra el auto de injunction expedido por el juez de turno en auxilio de la jurisdicción de esta corte, no se radicó recurso alguno.

La apelación interpuesta contra la resolución de la Corte de Distrito de Mayagüez denegatoria tanto del injunction preliminar como del permanente, fué desestimada por este tribunal por frívola, a moción del demandado, el 15 del mes pasado, y el 13 del actual se denegó la reconsideración solicitada por los demandantes, quedando así definitivamente resuelto en contra de los demandantes el pleito de injunction.

Habiéndose desestimado el 15 de diciembre próximo pasado la apelación interpuesta por Zapata y Colón contra Barreto, procedió éste, con fecha 9 del corriente, a notificar a dichos señores para la audiencia de los cargos, señalándose ésta para los días 15 y 16 del actual, respectivamente. Dichos señores radicaron entonces en esta corte dos mociones interesando que el Sr. Barreto fuese castigado por desacato por haber desobedecido la orden de este Tribunal tanto en la apelación del certiorari pendiente de vista como en el auto de injunction en auxilio de la jurisdicción de esta corte, alegando los promoventes de dichas mociones que como ellos habían solicitado la reconsideración de la sentencia de este tribunal en el caso de injunction y aún no se había resuelto, dicha moción revivía el injunction en auxilio de la jurisdicción, y la violación al mismo era constitutiva de desacato. Al mismo tiempo dichos señores Colón y Zapata recurrieron a la Corte de Distrito de Mayagüez con otra moción para que por aquella corte fuese castigado por desacato el Sr. Barreto por haber violado la orden de la misma en el caso de certiorari, para revisar la cual se radicó ante el juez de turno el recurso de certiorari. El juez de distrito dictó una orden dentro de dicho pleito de certiorari el 13 del actual

para que el Sr. Barreto mostrase causas por las cuales no debería ser castigado por desacato, a la vez que le ordenaba que se abstuviese de intervenir en la vista de los cargos formulados contra Colón y Zapata, señalándose la orden para mostrar causa para el 19 del actual, a las 9 a. m.

Alegando el Sr. Barreto que la corte inferior carecía de jurisdicción dentro del recurso de certiorari para paralizar los procedimientos en relación con la vista de los cargos y la orden de suspensión de empleo, instó en esta corte una solicitud de auto inhibitorio (número 80).

En vista de esta serie de procedimientos instituídos por una y otra parte ante este tribunal, se adelantó el señalamiento de la vista de la apelación en el caso de certiorari número 8447, señalándose para el 21 del actual juntamente con las dos mociones sobre desacato, a la vez que se expidió una orden para oír a las partes sobre la procedencia del auto inhibitorio, celebrándose la vista de todos dichos procedimientos en la fecha antes indicada con asistencia e informe oral de ambas partes. .

Las cuestiones ahora a resolver son las siguientes:

(1) El recurso de apelación número 8447 interpuesto contra la resolución del juez de turno denegando un auto de certiorari para revisar otro auto de certiorari expedido por la corte inferior;

(2) La procedencia o improcedencia del auto inhibitorio;

(3) La moción sobre desacato dentro del pleito de certiorari número 8447; y

(4) La moción sobre desacato radicada en el pleito de injunction número 8434, considerando el expedido en auxilio de la jurisdicción como un incidente de dicho caso número 8434.

■■ Primera cuestión: Como ya hemos indicado, en la solicitud de certiorari radicada en la corte inferior, dicho tribunal expidió el auto ordenando se le remitiesen los procedimientos iniciados por el alcalde, juntamente con ciertas actas de la Asamblea Municipal, y a la vez se ordenó al

alcalde se abstuviese de continuar la tramitación de los cargos, ordenándosele que no pusiese en vigor la orden de suspensión de empleo mientras se sustanciaba el recurso de certiorari. Fué contra ese auto que se interpuso el certiorari que denegó el juez de turno, resolución denegatoria contra la cual se estableció el recurso de apelación número 8447 de este tribunal.

Claro es y así parece entenderlo la representación del Sr. Barreto, que un recurso de certiorari no procede para revisar un procedimiento de certiorari en que la actuación de la corte sólo ha consistido en ordenar que se le remita el récord cuya revisión se interesa; pero insiste dicho abogado en que el juez de turno debió haber revisado y anulado aquella parte del auto expedido por el juez de distrito en que ordenó al Sr. Barreto que se abstuviese de continuar la tramitación de los cargos, así como de poner en vigor la orden de suspensión de empleo. Como la orden para que se remitiesen los procedimientos al juez de distrito no podía ser revisada por certiorari, puesto que dicha corte nada había resuelto todavía, nos limitaremos a considerar la única cuestión que pudo ser considerada por el juez de turno, es decir, si dentro del auto de certiorari expedido por el juez inferior podía legalmente ordenarse al Sr. Barreto la suspensión de la orden señalando la vista de los cargos y dejar sin efecto temporalmente la orden de suspensión de empleo.

A nuestro juicio, no cometió el juez de turno el error que se le imputa, ya que la actuación del juez de distrito suspendiendo los procedimientos instituídos por el alcalde estuvo de acuerdo con la ley. En el caso de *Méndez & Cía. v. Corte,* 57 D.P.R. 845, 854, dijimos:

"En el procedimiento de certiorari existen dos etapas: la primera consiste en la expedición del auto dirigido a la corte inferior para que remita los procedimientos a fin de ser revisados. Esta orden no prejuzga en absoluto la cuestión en controversia. Su único objeto es conseguir que se envíe a la corte superior el récord del caso para ser revisado. Claro es que mientras se resuelve en definitiva

si procede o no el auto de certiorari, los procedimientos en la corte inferior quedan suspendidos, pues de otro modo podría resultar académico o ilusorio el recurso.''

■ Segunda cuestión: Resuelto que dentro del caso de certiorari el Juez de la Corte de Distrito de Mayagüez tenía facultad para ordenar la suspensión de la tramitación de los cargos y que se dejase sin efecto temporalmente la suspensión de empleo, es manifiesta la improcedencia del auto inhibitorio solicitado contra dicho tribunal, pues, contrario a lo que se afirma en la solicitud de auto inhibitorio, el juez, al actuar en la forma en que lo hizo, actuó con jurisdicción.

■ Cuestiones tercera y cuarta: En la vista de las mociones sobre desacato, el demandado explicó satisfactoriamente a este tribunal que no tuvo intención de desobedecer sus órdenes. Alegó que como la apelación interpuesta por los Sres. Colón y Zapata en el caso de injunction había sido desestimada por frívola desde el 15 de diciembre último y él no había tenido conocimiento de que se hubiese solicitado la reconsideración de dicha resolución ni que contra la misma se hubiese interpuesto recurso alguno, creyéndola por tanto firme, y por el contrario tuvo conocimiento del auto de *quo warranto* que en armonía con la opinión de este tribunal en el citado caso de injunction interpusieron dichos señores contra él en la Corte de Distrito de Mayagüez después de desestimada la apelación en el referido caso de injunction, estimó que dicha decisión de este tribunal le autorizaba para continuar los procedimientos contra Colón y Zapata y que dichos señores no insistirían en el recurso de certiorari ya que habían recurrido al que esta corte les había indicado como el procedente, es decir, el de quo warranto.

La explicación que nos da el Sr. Barreto nos satisface, ya que no estamos convencidos de que su conducta constituya la obstinada desobediencia a las órdenes o decretos de este tribunal a que se refiere la Ley sobre Desacato.

■ Además, en el citado caso de certiorari ante el juez de turno y apelado ante este tribunal, no podía ser castigado

el Sr. Barreto por desacato, puesto que el juez de turno no hizo otra cosa que denegar la expedición del auto. De modo que no hay ninguna orden de esta Corte dentro de ese procedimiento que el Sr. Barreto tuviera que obedecer.

Por lo expuesto, procede en estos casos dictar las siguientes sentencia y resoluciones:

(*a*) Confirmar la resolución del juez de turno en el caso número 8447, sobre certiorari;

(*b*) Declarar que no ha lugar a la expedición del auto inhibitorio (número 80);

(*c*) Absolver al Sr. Barreto de los cargos de desacato tanto en el caso de certiorari. número 8447 como en el de injunction número 8434.

El Juez Asociado Sr. Todd, Jr., no intervino en el caso número 8447.