La Asamblea Municipal del Municipio de Lajas, peticionaria, *v.* Corte de Distrito de Mayagüez, Hon. Rodolfo Ramírez Pabón, Juez, y Aurelio Ramírez Ramírez, demandados.

Núm. 85.—*Sometido:* Diciembre 22, 1943. *Resuelto:* Enero 13, 1944.

*Bolívar Pagán,* abogado de la peticionaria; *Enrique Báez García,* abogado de los demandados.

El Juez Presidente Interino Señor Travieso emitió la opinión del tribunal.

El 16 de octubre de 1942 el Gobernador de Puerto Rico formuló y notificó a Aurelio Ramírez Ramírez, Alcalde del Municipio de Lajas, ocho cargos administrativos, concediéndole un plazo de diez días para que radicara su contestación a los mismos. El 25 de enero de 1943 la Asamblea Municipal de Lajas, a virtud de los referidos cargos, inició un procedimiento de *impeachment* contra el Alcalde. Del récord

del caso y de las certificaciones ofrecidas en el acto de la vista del presente recurso, no aparece que la Asamblea Municipal tomara acción alguna en dicho procedimiento, hasta el día 18 de noviembre de 1943 en que celebró una sesión convocada especialmente para ese fin y aprobó una resolución suspendiendo de empleo y sueldo al Alcalde Sr. Ramírez y designó al Presidente de la Asamblea Municipal para ocupar la Alcaldía de Lajas mientras se ventilan los cargos y se resuelve en definitiva el procedimiento de impeachment ya iniciado. Aparece también que en una sesión extraordinaria celebrada por la Asamblea Municipal el 23 de noviembre de 1943, con asistencia de los asambleístas José N. Tómei, Godofredo Rodríguez, Mariano Martínez y Jesús Cotte Jusino, se nombró al Sr. José Miguel Toro para ocupar el cargo de Presidente de la Asamblea Municipal, el cual había quedado vacante por renuncia del Sr. Angel Pagán Irizarry; y que en la misma sesión el Sr. Toro aceptó y tomó posesión del cargo para el cual acababa de ser elegido, empezando desde ese momento a actuar como Alcalde Interino de Lajas.

El 16 de noviembre de 1943 El Pueblo de Puerto Rico, a instancias de Aurelio Ramírez, radicó ante la Corte de Distrito de Mayagüez una querella de *quo warranto* dirigida contra José Miguel Toro, atacando la validez de su nombramiento como Alcalde de Lajas, pidiendo que se le lance y despoje de dicho cargo y que se restituya en el desempeño del mismo al relator. Nada más diremos en relación con este procedimiento, pues el mismo está aún pendiente ante la citada corte de distrito.

El 8 de diciembre de 1943 el mismo Aurelio Ramírez radicó ante la Corte de Distrito de Mayagüez una solicitud para la expedición de un auto de *certiorari* dirigido a la Asamblea Municipal de Lajas, ordenando a ésta que envíe a la corte de distrito "todos los documentos, libros de actas, pliego de cargos y contestación, y demás documentos relacionados con el proceso de impugnación contra el demandante

Aurelio Ramírez Ramírez y que están ante la consideración de la Asamblea Municipal de Lajas,'' para que la corte pueda, de acuerdo con el artículo 83 de la Ley Municipal de Puerto Rico, investigar dichos documentos y acuerdos de la Asamblea y revisarlos y anularlos. El peticionario suplicó además, como remedio provisional, que se ordenara a la Asamblea y a sus miembros que se abstuviesen de continuar interviniendo en el procedimiento de impeachment del Alcalde hasta que la corte de distrito dicte su resolución sobre la validez de los actos de la Asamblea impugnados por el peticionario. La corte de distrito expidió el auto de acuerdo con la súplica de la petición. Los demandados fueron notificados el 10 de diciembre de 1943.

El 14 de diciembre de 1943 la Asamblea Municipal de Lajas radicó ante esta Corte Suprema una solicitud para la expedición de un auto inhibitorio dirigido al Juez de la Corte de Distrito de Mayagüez y a Aurelio Ramírez, peticionario en el procedimiento de certiorari núm. 5527 pendiente ante dicha corte, ordenándole a dicho juez que paralice los procedimientos en dicho caso de certiorari; que se abstenga de entorpecer o paralizar en forma alguna los procedimientos de la Asamblea Municipal en el caso de impeachment contra el Alcalde; y que proceda a dejar sin efecto la orden dictada el 9 de diciembre de 1943 para la suspensión de dichos procedimientos en contra del Alcalde. Como fundamentos de la petición de auto inhibitorio se alega que la Corte de Distrito de Mayagüez carece de jurisdicción para considerar y resolver los procedimientos en el caso de impeachment; que es la Asamblea Municipal querellante la que tiene jurisdicción exclusiva para promover y resolver el procedimiento de impugnación del Alcalde; y que es la Corte Suprema el único tribunal que, de acuerdo con la ley, tiene jurisdicción exclusiva para resolver en apelación sobre la validez o legalidad de la resolución que dictare la Asamblea Municipal en el caso de impeachment.

En cumplimiento del auto que expedimos con fecha 14 de diciembre de 1943, los autos del caso de certiorari núm. 5527 fueron elevados a esta Corte, y el 22 del mismo mes se celebró la vista del recurso con asistencia de ambas partes. En el acto de la vista los querellados radicaron una contestación en la que niegan los hechos esenciales de la petición y como defensa especial alegan que la Asamblea querellante no ha planteado ante la corte de distrito la cuestión jurisdiccional; y que no procede el auto inhibitorio hasta tanto no se haya concedido a la corte inferior una oportunidad de resolver sobre su jurisdicción.

¿Tiene jurisdicción la corte de distrito para conocer de las cuestiones planteadas ante ella por la solicitud de certiorari núm. 5527? Veamos cuáles son esas cuestiones.

Se alega en la solicitud que el peticionario fué electo Alcalde de Lajas el 5 noviembre de 1940, tomó posesión del cargo y lo desempeñó hasta que fué privado del mismo por la Asamblea Municipal; que el 17 de noviembre de 1943 José R. Tomei, Vicepresidente de la Asamblea, alegando haber sido autorizado por el Presidente de la misma, convocó a la Asamblea para una sesión con el propósito de continuar el procedimiento de impeachment iniciado el 25 de enero de 1943 y pospuesto por acuerdo entre las partes interesadas; que a dicha sesión concurrieron solamente cuatro personas: José N. Tomei, Jesús Cotte Jusino, Mariano Martínez y Carlos del Toro; que por haber dejado este último de ser miembro de la Asamblea desde el 10 de noviembre de 1943, la sesión se constituyó y se celebró el 18 de noviembre con sólo tres asambleístas o sea sin un quórum; que en dicha sesión se aceptó la renuncia del Presidente de la Asamblea y se cubrió la vacante nombrando a José Miguel Toro; se nombró a Carlos del Toro para actuar como Secretario de la Asamblea Municipal; y se consideró y aprobó la resolución suspendiendo de empleo y sueldo al Alcalde. Continúa alegando el peticionario que todos los actos así aprobados

por la Asamblea son nulos por haberlo sido sin quórum y con el voto de sólo tres asambleístas; que como consecuencia de todos dichos actos, José Miguel Toro pasó a ocupar el cargo de Alcalde, según lo dispone el artículo 29 de la Ley Municipal; que el 15 de noviembre de 1943 el Sr. Toro, como Alcalde Interino, convocó la Asamblea a una sesión extraordinaria para considerar la situación económica de Lajas; que dicha convocatoria es nula porque el Sr. Toro no ocupaba legalmente el cargo de Alcalde; que el 16 de noviembre de 1943, estando reunidos los miembros de la Asamblea para la celebración de la sesión extraordinaria, el Sr. Toro, alegando ser Presidente de la Asamblea Municipal, pidió permiso para enmendar la convocatoria, sustituyéndola por otra en la que se convocaba para considerar los hechos relacionados con la impugnación del Alcalde Ramírez; que la convocatoria es nula porque no habiendo sido el Sr. Toro elegido legalmente para el cargo de Presidente de la Asamblea no tenía poder para convocarla para dicha sesión extraordinaria; que el 18 de noviembre de 1943 José N. Tomei, Vicepresidente de la Asamblea, alegando estar autorizado por el Presidente Angel Pagán, convocó para una sesión extraordinaria con el fin de continuar el procedimiento contra el Alcalde, y en dicha sesión, celebrada el 23 de noviembre, la Asamblea, después de ser informada de los cargos contra el Alcalde Ramírez, aprobó una resolución suspendiéndolo de empleo y sueldo, votando a favor los asambleístas José N. Tomei, Godofredo Rodríguez, Mariano Martínez, Jesús Cotte Jusino y Manuel Morales Surita y absteniéndose de votar la Sra. Carmen L. Gregory; que los acuerdos tomados en dicha sesión son nulos (a) porque el poder para convocar a la Asamblea es un atributo personal del Presidente y no puede ser delegado; (b) porque en la fecha en que se hizo la convocatoria existía un estado anormal en Lajas, por haber sido ilegalmente suspendido el Alcalde el día 10 de noviembre anterior; (c) porque la suspensión del Alcalde fué aprobada

solamente por cinco votos y no por dos terceras partes de los miembros de la Asamblea Municipal, o sea por seis votos, como lo exige la ley; y (*d*) que la suspensión fué un acto ilegal, porque ya Ramírez había sido suspendido violentamente y no ocupaba el cargo desde el día 10 de noviembre de 1943.

El propósito fundamental del auto de certiorari es el traer a la consideración de un tribunal superior, para su revisión, "las diligencias pendientes en el tribunal inferior o los autos de alguna causa ya terminada, en aquellos casos en que el procedimiento adoptado no esté de acuerdo con las prescripciones de la ley." (Artículo 670, Código de Enjuiciamiento Civil, ed. 1933.) El artículo 671 del mismo Código autoriza y faculta a las cortes de distrito para expedir dicho auto.

Es indudable que si se tratara de la destitución del alcalde mediante una resolución dictada por la Asamblea Municipal después de oír la evidencia aducida en el procedimiento de *impeachment,* esta Corte Suprema tendría jurisdicción exclusiva para conocer de la apelación interpuesta por el Alcalde, de acuerdo con lo dispuesto en la sección 29 de la Ley Municipal (Ley 53, 1928, pág. 335), según quedó enmendada por la Ley núm. 98 de 1931, pág. 595.

No se trata en el caso de autos de la revisión mediante apelación de una resolución de la Asamblea Municipal destituyendo al Alcalde, y sí de la revisión de actos administrativos de la Asamblea Municipal, por virtud de los cuales, según se alega, se privó al peticionario de su cargo de Alcalde sin un debido proceso de ley. Las cortes de distrito están expresamente facultadas por el artículo 83(*a*) de la Ley Municipal (Leyes de 1928, pág. 399) para anular o revisar, mediante *certiorari,* cualquier acto legislativo o administrativo de la Asamblea Municipal que lesione derechos constitucionales de los querellantes o sea contrario a la Ley Orgánica o a las leyes de Puerto Rico. El mismo artículo, en su apartado (*b*), confiere jurisdicción a las cortes de distrito para

suspender, mediante *injunction*, la ejecución de cualquiera ordenanza, acuerdo, resolución u orden que lesione derechos garantizados por la Constitución o las leyes insulares. *Barreto* v. *Corte*, 59 D.P.R. 817.

*Debe anularse el auto expedido y devolverse el caso a la corte inferior para los ulteriores procedimientos que fueren pertinentes.*

El Juez Asociado Sr. Snyder no intervino.