ASAMBLEA MUNICIPAL DE LAJAS, querellante y apelada, *v.* AURELIO RAMÍREZ RAMÍREZ, querellado y apelante.

Núm. 11.—*Sometido:* Marzo 15, 1944. *Resuelto:* Abril 26, 1944.

---

470

*Enrique Báez García,* abogado del apelante; *Bolívar Pagán,* abogado de la apelada.

EL JUEZ PRESIDENTE SEÑOR TRAVIESO emitió la opinión del tribunal.

En febrero 2 de 1944 la Asamblea Municipal de Lajas aprobó una resolución por la que formuló contra el Alcalde de dicho pueblo, el siguiente cargo:

"El Alcalde de Lajas señor Aurelio Ramírez Ramírez, en funciones de su indicado cargo de Alcalde, en la Casa Municipal de Lajas, requirió y exigió el día 1 de julio de 1942, al empleado municipal señor Julio Ortiz Morales, bajo amenaza de ser destituído de su empleo si no lo hacía, que le diera al Alcalde señor Ramírez para su uso personal mensualmente la suma de $15 del salario de $50 mensuales que dicho Julio Ortiz Morales devengaba como escribiente de la oficina del Tesorero-Director Escolar de este Municipio de Lajas, y que dicho empleado Julio Ortiz Morales bajo dicha amenaza, y durante el término de julio 1, 1942 hasta agosto 31 de 1943 que desempeñó el referido empleo de escribiente, descontó $15 mensualmente de su salario de $50 mensuales y lo entregó al referido Alcalde Aurelio Ramírez Ramírez para su uso personal."

En febrero 10 de 1944 se celebró ante la Asamblea Municipal de Lajas, convocada especialmente para ese fin, la vista del cargo formulado contra el Alcalde Ramírez. Declarada sin lugar la moción de suspensión radicada por el querellado, se procedió a la práctica de la prueba y a oír el informe oral del abogado defensor del querellado. En la misma fecha, la Asamblea Municipal aprobó una resolución declarando probado el cargo y destituyendo al querellado de su cargo de Alcalde de Lajas. No estando conforme con

dicha resolución, el querellado estableció el presente recurso de apelación para ante esta Corte Suprema, de acuerdo con lo dispuesto en la sección 29 de la Ley Municipal vigente.

Entre las varias cuestiones levantadas por el apelante, encontramos una que es por sí sola suficiente para que revoquemos la resolución recurrida.

 Alega el apelante que la Asamblea fué convocada y estuvo constituída ilegalmente porque la convocatoria fué suscrita por el señor José Miguel Toro, Presidente de la Asamblea, quien desde el día 10 de noviembre de 1943 se encontraba actuando como Alcalde de Lajas, por haber sido suspendido de empleo y sueldo el Alcalde Ramírez; y que bajo tales circunstancias el poder de convocar la Asamblea sólo podía ejercitarlo el vicepresidente, como presidente interino de dicho organismo.

La sección 29 de la Ley Municipal dispone, que para oír y resolver cualquier cargo presentado contra el Alcalde, la Asamblea Municipal "podrá reunirse previa convocatoria del Presidente de la misma".

Arguye el apelante que encontrándose el Presidente, señor Toro, ocupando interinamente el cargo de Alcalde, no podía actuar en ese momento como Presidente de la Asamblea para firmar la convocatoria. Y cita en apoyo de su contención nuestra decisión en *Asamblea Municipal* v. *González*, 55 D.P.R. 542 en el que se resolvió:

"Al suspenderse de empleo y sueldo al Alcalde le sustituyó en el cargo el Presidente de la Asamblea. Actuando el Presidente como Alcalde, lo sustituyó en la presidencia de la Asamblea *para todos los efectos legales el vicepresidente de la misma*. Por consiguiente, actuó éste con jurisdicción al convocar la Asamblea, pues en ese momento no actuaba como vicepresidente, sino como presidente interino o accidental de dicho organismo." (Bastardillas nuestras.)

La cuestión a resolver es si el presidente de una Asamblea Municipal que se encuentra desempeñando las funciones de Alcalde, está facultado para convocar una sesión de la

Asamblea para oír y resolver cargos contra el Alcalde o si la convocatoria debe ser hecha por el vicepresidente de la Asamblea. En *Asamblea Municipal* v. *González* (supra) se resolvió que el vicepresidente que firmó la convocatoria actuó con jurisdicción "pues en ese momento no actuaba como vicepresidente, sino como presidente interino o accidental."

¿Deja de ser presidente de la Asamblea el incumbente de dicho cargo por el solo hecho de asumir interinamente las funciones de la Alcaldía? Opinamos que sí. Desde el instante en que el Presidente de la Asamblea se hace cargo de la Alcaldía y asume las funciones y deberes que corresponden al jefe ejecutivo del Gobierno Municipal, deja de ser presidente de la Asamblea y las funciones y deberes de ese cargo pasan por ministerio de la ley al vicepresidente de la Asamblea para todos los efectos legales. Existe a nuestro juicio una manifiesta incompatibilidad entre el cargo ejecutivo de Alcalde y el legislativo de miembro o presidente de la Asamblea Municipal. Opinamos que estaría en pugna con la ética administrativa el que ambos cargos pudieran ser desempeñados por una misma persona al mismo tiempo. [2] Nos parece más correcto resolver, como resolvemos, que en caso de incapacidad o ausencia del presidente, es al vicepresidente a quien incumbe firmar la convocatoria como presidente accidental o interino. En el caso de autos el Alcalde Interino no se conformó con firmar la convocatoria. Presidió la Asamblea y tomó parte activa en los procedimientos contra el querellado apelante y en la votación de la resolución apelada. Habiendo sido indebidamente convocada y constituída la Asamblea no tenía jurisdicción para oír y resolver los cargos contra el Alcalde apelante.

*Procede por lo tanto revocar la resolución recurrida.*