Aurelio Ramírez Ramírez, demandante y apelado, *v.* Municipio de Lajas, representado por su Alcalde, Jorge A. Ortiz, demandado y apelante.

Núm. 9501.—*Sometido:* Noviembre 3, 1947. *Resuelto:* Noviembre 17, 1947.

*José Rafael Gelpí,* abogado del apelante; *Enrique Báez García,* abogado del apelado.

EL JUEZ ASOCIADO SEÑOR SNYDER emitió la opinión del tribunal.

En 1945 el apelado demandó en cobro de dinero ante la corte de distrito al Municipio de Lajas, representado por su Alcalde. Alegó que en 1940 fué electo Alcalde por el término de cuatro años; que mientras ejercía las funciones de su cargo el 10 de noviembre de 1943 la Asamblea Municipal lo suspendió de empleo y sueldo; que dicha suspensión estuvo en efecto hasta que su término expiró, fecha en que tomó posesión el actual Alcalde; que nunca fué legalmente separado del cargo; que no recibió su sueldo mensual de $110 consignado en los presupuestos ordinarios del Municipio para 1943–44 y 1944–45, mientras duró su suspensión desde el día 1ro. de noviembre de 1943 hasta el 7 de enero de 1945. En su consecuencia, solicitó sentencia a su favor por la suma de $1565.62.

El Municipio, a través de su abogado, radicó una moción para que se desestimara la demanda por el fundamento de que no aducía hechos suficientes constitutivos de causa de acción. El abogado del demandante compareció a discutir esta moción, pero no así el del Municipio, no obstante haber sido notificado de la vista. La corte de distrito declaró sin lugar la moción diciendo en parte que "el demandado no nos ha hecho razonamiento o exposición de motivos que indiquen que la demanda interpuesta adolece de algún vicio fundamen-

tal o de falta de hechos tales que no constituya una causa de acción. . ." Se notificó esta resolución al demandado, pero éste no contestó. A solicitud del demandante, se dictó sentencia en rebeldía contra el Municipio por $1,565.62.

Luego, un nuevo abogado compareció por el Municipio alegando que hubo una mala interpretación entre éste y su primer abogado, quien estaba bajo la impresión de que su contrato con el Municipio no exigía que lo defendiera en este caso. El nuevo abogado radicó entonces un escrito de apelación para ante este Tribunal contra la sentencia.

El primer señalamiento es que la corte inferior cometió error al dictar sentencia en rebeldía contra el Municipio. Esta contención es meritoria en vista del lenguaje de la Regla 55(e) de las Reglas de Enjuiciamiento Civil, que reza así:

"Ninguna sentencia en rebeldía se dictará contra El Pueblo de Puerto Rico, o contra un funcionario o agente del mismo o cuerpo político, a menos que el reclamante establezca por medio de evidencia, a satisfacción de la corte, su reclamación o derecho al remedio que solicita."

Toda vez que un municipio es un cuerpo político y que no se ha presentado evidencia para establecer la reclamación del demandante, debe revocarse la sentencia y devolverse el caso. Véase 3 Moore's *Federal Practice,* sec. 55.05, págs. 3169–70.

El demandado también señala como segundo error la actuación de la corte inferior al declarar sin lugar la moción del Municipio para que se desestimara la demanda por el fundamento de que no aducía suficientes hechos para constituir una causa de acción. Pero a la corte de distrito nunca se le dió la oportunidad de considerar los argumentos que aduce ante nos el nuevo abogado del Municipio en apoyo de esta moción, ya que su anterior abogado no compareció a la vista de la misma. Además, aún suponiendo que concurriéramos con los argumentos aducidos por el Municipio, quizás

podría permitirse al demandante enmendar su demanda para hacer frente a estos argumentos. Eso, desde luego, tiene que hacerse en la corte de distrito y no en este Tribunal.

Al devolverse el caso, el Municipio tendrá la oportunidad de reproducir en la corte inferior su moción de desestimación. Y el demandante apelado, quien no ha radicado alegato ante este Tribunal, también tendrá la oportunidad de ser oído en relación con dicha moción.

*La sentencia de la corte de distrito será revocada y se devolverá el caso para ulteriores procedimientos no inconsistentes con esta opinión.*