AURELIO RAMÍREZ RAMÍREZ, demandante y apelante, *v.* MUNICIPIO DE LAJAS, representado por su alcalde, SR. JORGE A. ORTIZ, demandado y apelado.

Núm. 10091.—*Sometido:* Abril 3, 1950. *Resuelto:* Marzo 30, 1951.

---

*Enrique Báez García,* abogado del apelante; *José Rafael Gelpí,* abogado del apelado.

EL JUEZ ASOCIADO SEÑOR NEGRÓN FERNÁNDEZ emitió la opinión del tribunal.

Aurelio Ramírez Ramírez fué electo Alcalde de Lajas, en las elecciones generales de noviembre de 1940 y tomó posesión de su cargo el día 13 de enero de 1941. El 16 de octubre de 1942 el entonces Gobernador de Puerto Rico, Rexford G. Tugwell, formuló y notificó a dicho alcalde ocho cargos administrativos, concediéndole un plazo de diez días para que radicara su contestación a los mismos. El 25 de enero de 1943 la Asamblea Municipal de Lajas, a virtud de los referidos cargos, inició un procedimiento de *impeachment* contra el alcalde. *Asamblea Mpal.* v. *Corte,* 62 D.P.R. 772.

El 10 de noviembre de 1943 la Asamblea Municipal suspendió de empleo y sueldo al Alcalde Ramírez y designó como Alcalde Interino al Presidente de la Asamblea Municipal, José Miguel Toro.(¹)

El 2 de febrero de 1944 la Asamblea Municipal aprobó una resolución por la que formuló contra el Alcalde Ramí-

---

(¹) No habremos de referirnos a resoluciones y trámites posteriores habidos en este procedimiento en tanto no sean necesarios para la decisión del presente caso.

rez un nuevo cargo, y le destituyó el 10 del propio mes, luego de una vista y de declarar probado el mismo. El 26 de abril siguiente este Tribunal revocó la resolución de la Asamblea Municipal por la que ésta destituyó al alcalde, por carecer dicho organismo de jurisdicción para oír y resolver el mencionado cargo, ya que había sido indebidamente convocada e ilegalmente constituída. *Asamblea Municipal* v. *Ramírez*, 63 D.P.R. 469.

El 3 de mayo siguiente, recibido ya el mandato de este Tribunal, la Asamblea Municipal aprobó una resolución designando un abogado que asesorara y representara a la asamblea en todos los procedimientos futuros relacionados con la formulación de cargos, suspensión y destitución del Alcalde Ramírez, habida cuenta de que el abogado que hasta entonces había actuado en tal capacidad se encontraba fuera del país. Desde esa fecha hasta la expiración del término por el cual el alcalde fué electo, no se tomó acción alguna por la Asamblea Municipal ni por el aquí demandante con relación a los cargos formulados por el gobernador el 16 de octubre de 1942—que motivaron la suspensión de empleo y sueldo el 10 de noviembre de 1943—ni con relación al cargo formulado por la propia asamblea el 2 de febrero de 1944— que motivó la destitución del alcalde el 10 del propio mes de febrero, destitución ésta que, como antes indicamos, fué dejada sin efecto por este Tribunal en *Asamblea Municipal* v. *Ramírez*, supra.

El 30 de enero de 1945 Ramírez demandó al Municipio de Lajas en cobro de dinero por los salarios dejados de percibir desde que fuera suspendido de empleo y sueldo el 10 de noviembre de 1943 hasta el 7 de enero de 1945, fecha ésta en que el alcalde electo en las elecciones generales de 1944 tomó posesión de su cargo.[2]   La corte inferior dictó

---

[2] En *Ramírez* v. *Municipio*, 67 D.P.R. 740, revocamos una sentencia en rebeldía dictada contra el municipio por la suma de $1,565.62 por no haberse cumplido con la número 55(*e*) de las Reglas de Enjuiciamiento Civil, devolviéndose el caso a la corte inferior para ulteriores trámites en el mismo.

sentencia declarando sin lugar la demanda en cuanto a la reclamación por sueldos desde el 10 de noviembre de 1943 al 7 de enero de 1945. Apareciendo de la prueba, sin embargo, que el demandante dejó de percibir el sueldo que le correspondía como alcalde por los primeros diez días de noviembre de 1943, condenó al municipio demandado a pagar a aquél la suma de $36.67 por tal concepto, y las costas.

Contra la sentencia así dictada apeló el demandante. Aunque tres son los errores que señala en su alegato, en verdad las cuestiones a considerar en el presente recurso son las siguientes: (1) No habiendo existido en momento alguno una válida destitución del demandante de su cargo de Alcalde del Municipio de Lajas, ¿tendría derecho a recobrar los sueldos dejados de percibir desde que fué suspendido de empleo y sueldo hasta la expiración final del término para el cual fué electo?; y (2) Bajo las circunstancias de este caso, ¿debe considerarse dicha reclamación renunciada por el demandante?

En cuanto a la primera cuestión la corte inferior resolvió que habiendo sido suspendido el demandante de empleo y sueldo como Alcalde de Lajas bajo la autoridad que a la Asamblea Municipal le confería el artículo 29 de la Ley núm. 53 aprobada el 28 de abril de 1928—Ley Municipal— según quedó enmendado por la Ley núm. 98 aprobada el 15 de mayo de 1931,[3] dicha suspensión de empleo y sueldo fué legal e incumbía al aquí demandante demostrar que dicha suspensión de empleo y sueldo fué ilegal, independientemente de que nunca hubiera mediado una válida destitución por parte de la Asamblea. No estamos conformes con el

---

[3] Dicho artículo, vigente a la fecha de los trámites relacionados con el procedimiento de *impeachment* en este caso, dispone en lo pertinente:

"Cuando se formularen cargos contra el alcalde, éste podrá ser suspendido del cargo y sueldo; pero si no lo fuere antes de verse el caso, y se resolviere el procedimiento de impugnación destituyéndolo, entonces el alcalde cesará en sus funciones hasta que la resolución que dicte la asamblea municipal o el Gobernador de Puerto Rico en su caso, sea revocada por el Tribunal Supremo de Puerto Rico."

tribunal inferior en cuanto a este extremo, ya que si bien la ley autoriza la suspensión de empleo y sueldo de un alcalde cuando se le han formulado cargos, tal suspensión constituye un trámite accesorio al procedimiento principal, supeditado a éste y condicionado, para ser válido el mismo y tener efecto desde su origen, a que ocurra finalmente una válida destitución.([4]) Si ésta nunca tiene lugar, la suspensión de empleo y sueldo carece de eficacia y no puede surtir efecto privando a la persona suspendida de los emolumentos que el cargo conlleva. *Cf. Rosario* v. *Gallardo, Comisionado,* 62 D.P.R. 266. Por lo tanto, demostrado como quedó en este caso, que el demandante nunca fué válidamente destituído de su cargo de Alcalde de Lajas, habría que reconocer su derecho a la suma reclamada en la demanda.

█ █ Sin embargo, la corte inferior llegó también a la conclusión de que el demandante pudo haber obligado a la Asamblea Municipal a ventilar los cargos y resolverlos dentro de un período razonable, y que si bien dió algunos pasos tendentes a obtener su exoneración—y, como consecuencia, su reposición como Alcalde de Lajas—mediante la institución de procedimientos de *quo warranto* y *certiorari*, no fueron éstos los trámites adecuados y correctos para tal propósito. Bajo las circunstancias de este caso consideramos correcta

---

([4]) La ley vigente a la fecha del procedimiento contra el aquí demandante disponía, en lo pertinente:

". . . El alcalde podrá ser destituído por la asamblea municipal mediante resolución adoptada por la mayoría del número total de miembros de que se compone la misma, por causa justificada, previa audiencia y oportunidad para defenderse por sí o por medio de abogados. La asamblea municipal para oír y resolver cualquiera acusación presentada contra el alcalde, formulada por cualquier miembro de la asamblea municipal, por el Gobernador de Puerto Rico o por cualquier ciudadano, podrá reunirse previa convocatoria del presidente de la misma, en cualquier fecha que notificará al alcalde, dándole copia de los cargos con cinco días de anticipación al en que haya de celebrarse la vista, y luego de haber obtenido un *quorum*, para considerar la acusación formulada al alcalde, la asamblea podrá continuar reunida por todo el tiempo que fuere necesario para resolver el caso en definitivo; *Disponiéndose, sin embargo* . . .", etc.

la conclusión de la corte inferior. Como consecuencia, creemos que el demandante, con su conducta, abandonó sus gestiones para que se le repusiera antes de expirar el término para el cual fué electo, y que tal abandono constituye una renuncia e impedimento para cobrar los emolumentos de su cargo. Veamos.

Seis días después de haber sido el demandante suspendido de empleo y sueldo por la Asamblea Municipal—el 16 de noviembre de 1943—el Pueblo de Puerto Rico, a instancias del demandante, instituyó procedimiento de *quo warranto* ante la Corte de Distrito de Mayagüez solicitando que se despojase de su cargo de Alcalde Interino a José Miguel Toro—quien había sido designado como tal por la Asamblea Municipal al suspender al demandante de empleo y sueldo—y que se restituyese al demandante como Alcalde en propiedad del Municipio de Lajas. La querella de *quo warranto* fué declarada sin lugar por la corte inferior el 25 de agosto de 1944, pero ya el 8 de diciembre de 1943 el demandante había radicado, también ante la corte inferior, una solicitud de *certiorari* para revisar las actuaciones de la Asamblea Municipal *suspendiéndole de empleo y sueldo.* El auto fué expedido pero el caso nunca fué visto y se archivó por abandono de las partes mediante sentencia de 4 de junio de 1946. Con relación a dicho recurso de certiorari la Asamblea Municipal radicó ante este Tribunal el 14 de diciembre de 1943 una solicitud de auto inhibitorio interesando que se ordenara a la corte inferior paralizar los procedimientos en el mismo y se abstuviera de entorpecer y paralizar en forma alguna los procedimientos de la Asamblea Municipal de Lajas en el caso de *impeachment* contra el alcalde. En *Asamblea Municipal* v. *Corte,* supra, resolvimos—el 13 de enero de 1944—que la corte inferior tenía jurisdicción para conocer de dicho procedimiento, fundándonos en las disposiciones del artículo 83 (*a*) y 83 (*b*) de la Ley Municipal en vigor.

Es evidente que el demandante pudo haber proseguido el caso de certiorari para obtener una determinación judicial sobre la alegada nulidad de las actuaciones de la Asamblea Municipal al suspenderle de empleo y sueldo, suspensión ésta que se decretó en virtud de los cargos originales formulados al alcalde por el Gobernador Tugwell el 16 de octubre de 1942, los cuales nunca fueron ventilados. No lo hizo y tuvo casi un año para ello antes de que expirara su término. Es evidente también que no obstante obtener que se revocara en apelación el 26 de abril de 1944 la resolución de la Asamblea Municipal de 10 de febrero de 1944 destituyéndole al declarar probado el cargo adicional formulándole por la propia Asamblea el 2 de dicho mes y año, el demandante no realizó gestión ulterior alguna eficaz en derecho para que cesara su suspensión de empleo y sueldo o para obtener una resolución final de los cargos. Bajo tales circunstancias indicativas a todas luces de falta de diligencia consideramos que el demandante, con su conducta en relación con su status, renunció a, y está impedido de reclamar, los haberes correspondientes al cargo de alcalde por el período de 10 de noviembre de 1943 a 7 de enero de 1945, *Nicholas* v. *United States,* 257 U. S. 71, 66 L. ed. 133; *Arant* v. *Lane,* 249 U. S. 367, 66 L. ed. 650; *Rivera* v. *Pons, Comisionado,* 66 D.P.R. 930; 2 McQuillin, *Municipal Corporations,* 2da. ed., sección 539, pág. 320, ya que ella denota aquiescencia en los cargos formulándosle.

*La sentencia será confirmada.*